JOSHUA J. MOORE, appellant, *v.* NORMAN H. PURPLE, appellee.

### *Appeal from Peoria.*

In an action of *assumpsit*, the defendant failing to plead, a default was entered together with an interlocutory judgment, requiring the sheriff to summon a jury to assess the plaintiff's damages, &c. A writ of inquiry was issued and on the same day returned into Court with the following indorsement thereon: "We, the jury summoned in this cause, after being duly sworn, do assess the plaintiff's damages at $148·96," which return was signed by all the jury, and judgment was rendered for the plaintiff for the amount assessed by the jury. The sheriff made no return upon the writ, and the plaintiff appearing in the Supreme Court, on affidavit filed, had leave to apply to the Circuit Court to permit the sheriff to make the proper return upon the writ, and the cause was continued. The Circuit Court allowed the sheriff to make his return, and the same was entered of record in that Court, a transcript of which was filed in the Supreme Court: *Held*, that the Circuit Court did not err in permitting the return to be made; that the counsel for the appellant being in Court when the continuance was granted, it was sufficient notice to him of the application to be made to the Circuit Court; and that the appellant should have moved, in the latter Court, to quash the writ of inquiry, if he should deem it insufficient.

A writ of inquiry may be executed before the sheriff at any place within his bailiwick, and a want of notice to the defendant, on executing the writ, cannot be assigned for error; nor can the insufficiency of the writ, the proper practice being to move the Court below to quash it.

ASSUMPSIT in the Peoria Circuit Court, brought by the appellee against the appellant, and heard before the Hon. John D. Caton, at the October term 1845. The defendant, failing to plead, his default was entered, and the plaintiff's damages were assessed by a jury, who assessed the same at $148·96, upon which the Court rendered a judgment for that amount.

The other proceedings in the Court below and in this Court are stated in the Opinion.

*O. Peters,* and *E. N. Powell,* for the appellant, filed the following brief:

The appellant, to reverse the judgment in this case, relies upon the following points and authorities:

1. By the 15th section of the Practice Act, Rev. Stat. 415, where a judgment is rendered by default in an action upon an instrument of writing for the payment of money only, the clerk may assess the damages. And in all other . actions where a judgment is taken by default, the "plaintiff may have his damages assessed by a jury in Court."

2. This section of the statute clearly does not authorize a writ of inquiry to issue to the sheriff to assess the damages in such a case, in vacation or out of Court, and it is questionable whether a sheriff could assess damages even in open Court.

From the record in this case, it appears that the damages were assessed by a jury summoned by the sheriff, and not in Court. Then, from whence does he derive his authority? Clearly not from our statute, as the damages are to be assessed by a jury in Court.

3. Has a plaintiff, in such a case, a right to proceed at common law? If so, the whole of the proceedings are irregular and defective, because the writ has no return day, or day certain when the writ was to be returned into Court. 1 Tidd's Pr. 573, 574, side paging.

It also does not appear by the return of the sheriff to the writ, that any notice was given to the appellant of the executing of the writ. Notice must be given. 1 Tidd's Pr. 576, side paging; 9 Wend. 149.

*A. Wheat,* for the appellee.

The errors, if such they were, suggested in the first three assignments, are cured by the amended transcript filed at the present term of this Court. If the appellant had no notice of the inquisition, the proper course for him to have taken, would have been to move in the Court below to set it aside. 1 Tidd's Pr. 582; 1 Duer's Pr. 636. And this he could have done at any time during the term. *Frink* v. *King*, 3 Scam. 149. He was in Court after the writ of inquiry was returned, and prayed an appeal, but did not seek to take advantage of a want of notice. Therefore, the Court

Moore *v.* Purple.

will presume he had notice, and that the proceedings were regular, the record showing nothing affirmatively to the contrary. *Vanlandingham* v. *Fellows*, 1 Scam. 233.

No notice is required to authorize the Court to permit a sheriff to amend or make a return to a writ of inquiry or other process. The motion, though usually made by the party who will be benefitted by the amendment, is notwithstanding, really the motion of the officer who amends, or refrains from so doing at his peril. Therefore, if the appellant in this case had been present, he could not have objected to the amendment, consequently he was not entitled to a notice of the motion to permit it; and such amendments the Court will permit at any time, even after the lapse of years. *Smith* v. *Hudson*, 1 Cowen, 430; *Emerson* v. *Upton*, 9 Pick. 167; *Irvine* v. *Scober*, 5 Littell, 70; *Thatcher* v. *Miller*, 11 Mass. 413; *Hall* v. *Williams*, 1 Fairf. 278; *Lawless* v. *Haskell*, 16 Johns. 148; and see, also, Rev. Stat. title "*Amendment and Jeofails.*"

But if the Court should be of opinion that such notice was required, I would suggest, that in this case a sufficient notice was given, the affidavit upon which the motion of the appellee for a continuance at the last term of this Court was based, specifying the intended application to the Court below for leave to the sheriff to amend his return.

The appellant is mistaken in supposing that the writ of inquiry does not appear to have been executed. The record shows it was executed; and this Court has already decided, that it may be executed out of Court. *Vanlandingham* v. *Fellows*, 1 Scam. 233.

I see no irregularity whatever in the writ, nor has any been pointed out, except the omission of a return day. The writ was evidently intended to be one which the sheriff was required forthwith to execute, and the omission of the word forthwith is manifestly a misprision of the clerk. Therefore it cannot be assigned for error, (Rev. Stat. "*Amendment and Jeofails*,*) especially since the appellant was in the Court below, after the return of the writ, and made no objection on this ground.

The Opinion of the Court was delivered by

LOCKWOOD, J.*    This was an action of *assumpsit*, commenced in the Circuit Court of Peoria county, by Purple against Moore.    The declaration contained two counts, one on a promissory note, the other for money had and received, and work and labor.

At the October term 1845, the defendant, having failed to plead, his default was entered, together with interlocutory judgment, and the sheriff was thereupon commanded, that by the oath of twelve good and lawful men of his bailiwick, he diligently inquire what damages the plaintiff has sustained by reason of the premises, and that he return the inquisition, which he shall thereupon take, to the present term of this Court, together with the names of those by whose oath he shall take that inquisition.

It appears by the record, that a writ of inquiry was issued by the clerk to the sheriff of the county, dated the 17th of October, 1845, which was returned into Court by the sheriff on the same day with the following indorsement, to wit: "We, the jury summoned in this cause, after being duly sworn, do assess the plaintiff's damages at $148·96;" which return was signed by all the jury.

On the return of the writ of inquiry, indorsed with the verdict, the Court below gave judgment for Purple for the amount assessed by the jury.

Moore prayed and obtained an appeal to, and filed the record at the last term of this Court, and assigned his errors.

At the last term, Purple filed an affidavit, stating that the sheriff of Peoria county, through inadvertence, had neglected to make any formal return upon the writ of inquiry, and prayed the Supreme Court to continue the cause, to enable him to apply to the Circuit Court of Peoria county for leave to the sheriff to make the proper return upon the writ of inquiry, and that when made, the same may be certified to this Court, as a part of the record in this case.

This motion was granted.

---

* YOUNG, J. did not sit in this case.

At this term of this Court, Purple obtained leave to file, as part of the record in this cause, the proceedings of the Circuit Court of Peoria county at the May term 1846, from which it appears that Purple obtained leave of that Court, at the May term thereof, for the sheriff to amend his return to the writ of inquiry, which was done as follows, to wit: "By virtue of the within writ, I did, on the 17th day of October, A. D. 1845, summon the following named persons, to wit, [naming them,] twelve good and lawful men of the county of Peoria, who, after being duly sworn well and truly to assess the plaintiff's damages, returned into Court the verdict by them below subscribed, assessing said damages at $148·96.        Smith Frye, Sh'ff, P. C."

At the December term 1845, of this Court, the plaintiff in error assigned several errors, relying principally on the grounds that there had been no legal assessment of the damages, and that the defendant below had received no notice of the execution of the writ of inquiry. Since the filing of the proceedings of the Circuit Court at the May term 1846, the plaintiff has assigned the following additional errors, to wit:

1st. That there was no notice of the motion to amend the record of the Circuit Court, or for the officer to amend his return to the writ of inquiry;

2d. That the writ of inquiry does not appear to have been executed in open Court; and

3d. There was no sufficient writ of inquiry to authorize the inquiry into the assessment of the plaintiff's damages.

All the errors relied on to reverse the judgment below can be disposed of under the last assignment of errors. And, first, was it necessary that notice should have been given to Moore to authorize the Circuit Court to allow the sheriff to amend his return. We think not, for two reasons. 1st. Amendments by the sheriff to their returns to process are of course. No resistance could have been made to the application to amend. Should the sheriff make a false return, he is responsible for the consequences. 2d. If, however,

notice was necessary, Moore, by his counsel, being in Court when the continuance was granted, was fully apprised of the intention of Purple to move the Circuit Court for leave to the sheriff to amend his return. This was sufficient notice. The question raised by the second assignment of error was investigated and decided by this Court in the case of *Vanlandingham* v. *Fellows*, 1 Scam. 233. We there held that a writ of inquiry might be executed before the sheriff at any place within the sheriff's bailiwick, and that should any irregularities take place, such as want of notice, &c. the proper course would be, to apply to the Circuit Court upon affidavit of the facts to set aside the inquisition. Want of notice cannot, therefore, be assigned for error in this Court. The third error is also addressed to the wrong *forum*. If the writ of inquiry was not sufficient, application should have been made to the Court below to quash it. The insufficiency of the writ of inquiry cannot be assigned for error. The judgment is affirmed, with costs.

*Judgment affirmed.*